UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:                                              Chapter 13
                                                    Case No.: 8-15-73286-las
    RONALD M. ISBITSKY,
    TINA M. ISBITSKY,
                                                    **CHAPTER 13 PLAN**
                                    Debtors.
-----------------------------------------------------------------X

1.    The future earnings of the debtor are submitted to the supervision and control of the Trustee and the Debtor shall pay to the Trustee for a total period of **sixty (60)** months, the sum of $ 29,104.20.

> ❖ **$ 500.00** commencing **September 2015** through and including **August 2020** for a period of **SIXTY (60)** months;

2.    From the payments so received, the Trustee shall make disbursements, as follows:

    (a)    Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507.

**Attorney fees to Ronald D. Weiss P.C. of $2,500.00 due under the Chapter 13 Plan.**

    (b)    Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

**TD Bank, N.A.** (Mortgagee on real property located at 6 Arborvitae Lane, Miller Place, NY 11764) to be paid pre-petition arrears in the sum of $13,944.00 over the life of the plan and to be paid post-petition payments outside the plan.
**Debtor will seek modification of the TD Bank mortgage loan during the pendency of the Chapter 13 case, and <u>hereby requests to enter the loss mitigation program.</u>**

**CitiBank, N.A.** (Junior Mortgagee on real property located at 6 Arborvitae Lane, Miller Place, NY 11764) to remain current and be paid outside the plan.

    (c)    Subsequent and/or concurrently with distribution to secured creditors, dividends to **unsecured creditors** whose claims are duly allowed as follows: **PRO RATA NOT LESS THAN 5% distribution to all timely filed proofs of claim.**

3.    All lease agreements are hereby assumed, unless specifically rejected as follows: NONE

4. During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2(c), <u>less than one hundred percent (100%)</u>, the debtor(s) shall provide the Trustee with signed copies of federal and state tax returns for each year, no later than April 15th of the year following the tax period. **IN ADDITION TO MONTHLY PLAN PAYMENTS STATED ABOVE**, indicated tax refunds are to be paid to the Trustee upon receipt; however, no later than June 15th of the year in which the tax returns are filed.

5. **ALL POST-PETITION PAYMENTS, INCLUDING BUT NOT LIMITED TO MORTGAGE PAYMENTS, VEHICLE PAYMENTS, REAL ESTATE TAXES, AND INCOME TAXES TO BE MADE OUTSIDE THE PLAN BY THE DEBTOR(S).**

6. Title to the Debtor(s) property shall revest in the Debtor upon completion of the plan, <u>unless otherwise provided in the Order confirming this plan.</u> Throughout the term of this plan, the Debtor(s) will not incur post-petition debt over $1,500.00 without written consent of the Chapter 13 Trustee of the Court.

_____
DEBTOR RONALD ISBITSKY

_____
JOINT DEBTOR TINA ISBITSKY

Dated: _August 28, 2015____

_____
Nathan Z. Kaufman
RONALD D. WEISS P.C.
Attorneys for the Debtor